This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTONIO DE JESUS**,

Worker-Appellant,

v.                                                                 **NO. 35,594**

**FORM-COVE MANUFACTURING and**
**BUILDERS TRUST OF NEW MEXICO, and**
**BUENO FOOD EL ENCANTO, INC. and**
**CONTINENTAL CASUALTY,**

Employers/Insurers-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, Workers' Compensation Judge**

Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Christina Bartosh Goodrow Attorney at Law, LLC
Christina Bartosh Goodrow
Corrales, NM

for Appellees Form-Cove Manufacturing and Builders Trust of New Mexico

Elmore Law, LLC
Christopher T. Elmore
Albuquerque, NM

for Appellees Continental Casualty Co. and Bueno Food El Encanto, Inc.

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Worker has appealed from a compensation order. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Employer/Insurer has filed a memorandum in support, and Worker has filed a memorandum in opposition. After due consideration, we affirm.

{2}     We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     First, Defendant renews his argument that the WCJ erred in denying his request for a functional capacity evaluation (FCE). [MIO 1-4] He focuses on aspects of the MRIs and the doctors' early assessments which suggested that the 2012 accident resulted in new injuries. [MIO 1-3] However, Worker's arguments ignore the competing evidence, including subsequent assessments and ultimate opinions, by which both doctors concluded that the 2012 accident only temporarily exacerbated Worker's preexisting condition, without causing permanent physical aggravation or impairment. [RP 263, 265] Both doctors relatedly opined that Worker's pathology and physical restrictions did not change as a result of the 2012 accident, and as such,

further evaluation was unnecessary. [RP 265] In light of this testimony, which we duly credit, the WCJ acted well within his discretion in denying the requested FCE.

*See generally Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 ("Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." (internal quotation marks and citation omitted); *Gutierrez v. J & B Mobile Homes*, 1999-NMCA-007, ¶¶ 8, 17, 126 N.M. 494, 971 P.2d 1284 (holding that the WCJ is invested with the discretion to determine whether, based upon the evidence presented, good cause exists for conducting medical testing).

**{4}** Second, Worker continues to challenge the WCJ's determination that he unreasonably terminated his employment. [MIO 4-5] He relies on authority addressing termination. [MIO 4] *See Hawkins v. McDonald's*, 2014-NMCA-048, ¶¶ 20-25, 323 P.3d 932 (concluding that where a worker is discharged for misconduct, he or she remains eligible for the statutory-based modifier adjustment of PPD benefits). However, insofar as Worker resigned, the cited authority is inapposite. [RP 264, 267] Moreover, insofar as the issue arose in relation to Worker's claim of entitlement to TTD (rather than PPD), Worker's voluntary unemployment was properly treated as grounds for the denial of benefits. [RP 267] *See generally Connick v. County of*

3

*Bernalillo*, 1998-NMCA-060, ¶ 8, 125 N.M. 119, 957 P.2d 1153 (observing that " disability benefits (other than impairment) may be denied . . . if a claimant voluntarily . . . takes himself out of the job market").

{5}     We understand Worker to further contend that his own testimony, to the effect that he left his job because his restrictions were not being accommodated and because he had been unreasonably accused of misconduct by a co-worker, undermines the WCJ's determination that he unreasonably took himself out of the labor market. [MIO 4-5] However, Employer/Insurer presented conflicting evidence reflecting that Worker's restrictions were duly accommodated, and that Worker quit his job because he simply did not wish to face a sexual harassment investigation. [RP 264] In light of this evidence, we reject Worker's assertion of error. *See generally DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146 N.M. 453, 212 P.3d 341 ("Because weighing evidence and making credibility determinations are uniquely within the province of the trier of fact, we will not reweigh the evidence nor substitute our judgment for that of the WCJ, unless substantial evidence does not support the findings.").

{6}     Third and finally, Worker renews his challenge to the WCJ's determination that he failed to present adequate evidentiary support for his loss of use claim. [MIO 5-6] Once again, he relies chiefly on his own testimony as support for his position. [MIO 3, 5-6] However, the WCJ specifically found Worker's testimony not to be credible.

4

[RP 266] We will not disturb this determination. *See Gallegos v. City of Albuquerque*, 1993-NMCA-050, ¶ 16, 115 N.M. 461, 853 P.2d 163 (observing that where evidence in the record supplies a rational basis for doubting a worker's credibility, this Court cannot reverse the WCJ on that ground). And as previously stated, the medical testimony clearly indicated that Worker suffered no permanent injury as a result of the 2012 accident; both of the doctors opined that Worker's preexisting condition was only temporarily exacerbated. [RP 263, 265] This testimony provides ample support for the WCJ's rejection of Worker's loss of use claim. We therefore remain unpersuaded. *See Esckelson v. Miners' Colfax Med. Ctr.*, 2014-NMCA-052, ¶¶ 9, 13, 324 P.3d 393 (observing that while uncontradicted expert testimony concerning impairment may be disregarded if the factual basis is unsound, findings based on expert testimony cannot be disregarded by an appellate court when those findings are supported by substantial evidence).

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**